UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

SHERMEL J. HOOPER and
JOE LAWRENCE HOOPER                         Case no.
     Plaintiffs,

v.

GRAND TRUNK WESTERN
RAILROAD, INC dba
CANADIAN NATIONAL
RAILWAY and/or CN RAILWAY
        Defendant.
_____/

## COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, SHERMEL J. HOOPER and JOE LAWRENCE HOOPER, by and through their attorney, Ernest L. Jarrett, and for good cause state as their complaint:

### PARTIES AND JURISDICTION

1. SHERMEL J. HOOPER is and was at all times pertinent hereto a resident of Battle Creek, Michigan.

2. JOE LAWRENCE HOOPER is the husband of Plaintiff, Shermel Hooper. He is and was a resident of Battle Creek, Michigan at all times pertinent hereto.

3. Defendant GRAND TRUNK WESTERN RAILROAD, INC. is a Delaware Corporation. It operates a railroad company under its own name and under the assumed name of Canadian National Railway and/or CN Rail.

4. Plaintiff brings this suit in this Honorable Court pursuant to 28USC§1332 (a)(1) based upon the diversity of citizenship of the parties.

5. The amount in controversy exceeds $75,000.

6. All events, transactions or occurrences pertinent hereto, took place in Battle Creek, Michigan, unless specifically alleged otherwise.

1

7. This matter is otherwise properly before this Honorable Court.

STATEMENT OF FACTS

8. Paragraphs 1-7 are realleged and incorporated by reference as if fully set forth herein.

9. On December 21, 2016, Plaintiff, Shermell J. Hooper operated her automobile southbound on Capital Ave, in the city of Battle Creek, Michigan when she approached a railroad crossing which is owned, operated, constructed by, maintained and/or controlled by the defendant.

10. As she approached the crossing, a train which was owned, operated, maintained and/or controlled by the defendant approached the intersection of the public highway and the railroad tracks.

11. Notwithstanding the fact that the train was in close proximity to the crossing and was approaching at a substantial rate of speed, the audio warnings, lights and/or crossing gate arms failed to timely activate and the operators of the train failed to reduce speed and/or to sound its horn.

12. Because of the complete failure of all audio, visual and physical signals, warnings and/or barriers, and the failure of the train operators to reduce speed and/or to sound the train's horn, Plaintiff was unaware of the approaching train, and proceeded towards the crossing, intending to continue travelling southbound on Capital Ave.

13. As Plaintiff began crossing the tracks, the northwest crossing gate arm suddenly crashed down on top of Plaintiff's car, thereby startling her.

14. Plaintiffs car came to a stop, whereupon she noticed for the first time, the defendant's train approaching from her left.

15. Plaintiff attempted to move her automobile off of the tracks and out of the path of defendant's approaching train, but was unable to move at all. The approaching train collided with her car as she was stopped on the tracks.

16. Though a considerable distance from the crossing when Plaintiff's car came to a stop on the tracks, in the path of the train which defendant's employees operated, said operators of the train, who were employees or agents of the defendant failed and neglected to timely bring the train to a stop in order to avoid a collision with the Plaintiff because:

    a) They operated the train at an unreasonable and excessive speed for the circumstances and conditions as they approached the crossing and consequently could not bring the train to a stop in time;

    b) They failed to observe that traffic was continuing to cross the tracks and/or that the crossing gate arms and warning signals had not timely and properly activated thereby failing to properly warn automobile drivers of the approaching train or otherwise their need to stop their cars before crossing the tracks:

    c) Defendant's employees failed to observe Plaintiff's car on the tracks and in their path, causing a delay in their attempt to apply the train's brakes.

    d) Defendant's failed to sound the horn of the train so as to warn the Plaintiff and others similarly situated of the approaching train.

17. In addition to the negligence of its train operators/employees, defendant was negligent with respect to the installation, construction, maintenance, design, and/or operation of its gate crossing signals as follows:

    a) The audio signal/warnings (bells) failed to timely activate;

    b) The visual signal/warnings (flashing lights) failed to timely activate;

    c) The gate crossing arms failed to lower in a timely manner;

    d) The northwest crossing arm improperly crashed onto Plaintiff's car causing it to stop or for her to stop it.

## INJURIES

18. Paragraphs 1-17 are realleged and incorporated by reference as set forth herein.

19. As a direct and proximate result of the defendant's negligence as described above, individually and/or collectively, Plaintiff Shermell J. Hooper has suffered and continues to suffer:

    a) Physical injuries;

    b) Fright, fear, horror and shock;

    c) Severe emotional distress;

    d) Post traumatic stress disorder;

    e) Property loss

    f) Out of pocket expenses

    g) Medical expenses

    h) Loss of income

    i) Loss of enjoyments of life

20. As a direct and proximate result of the defendant's negligence as described above, individually and/or collectively, Plaintiff Joe Lawrence Hooper has suffered and continues to suffer:

    a) Loss of consortium

    b) Loss of valuable services

    c) Being required to do things for or on behalf of his wife which, prior to December 21, 2016, she did for herself or for the Plaintiffs' household and family unit.

WHEREFORE Plaintiffs pray as follows:

    a) For judgment awarding compensatory damages in their favor;

    b) For punitive and/or exemplary damages

    c) Costs

    d) Interest

    e) Attorney fees.

/s/Ernest L. Jarrett_____
Ernest L. Jarrett (P29770)
Attorney for Plaintiffs
65 Cadillac Square Ste. 2100
Detroit, MI 48226
(313) 964-2002
(313) 965-8474-Fax
eljlaw@yahoo.com

Dated: February 16, 2018

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

/s/Ernest L. Jarrett
Ernest L. Jarrett (P29770)
Attorney for Plaintiffs
65 Cadillac Square Ste. 2100
Detroit, MI 48226
(313) 964-2002
(313) 965-8474-Fax
eljlaw@yahoo.com